UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DARYL K. WASHINGTON, et al.,

                    **Plaintiffs,**            05-CV-10034 (SN)

    -against-                             **OPINION & ORDER**

KELLWOOD COMPANY,

                    **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

Defendant Kellwood Company moves to vacate the October 14, 2015 notice of case reassignment that transferred this matter to my docket for all purposes. Kellwood asserts that it consented only to the jurisdiction of the original presiding magistrate judge and not to the jurisdiction of any other magistrate judge. Thus, Kellwood argues, the reassignment was invalid.

The motion is denied. In the consent order, the parties unambiguously consented to the jurisdiction of "a magistrate judge," meaning any magistrate judge. Thus, the transfer to my docket was valid, and I have jurisdiction over these proceedings.

## BACKGROUND

This breach of contract case has been pending since 2005. In 2014, according to Kellwood's counsel, the district judge's courtroom deputy suggested consenting to magistrate judge jurisdiction. Kellwood's counsel "understood from this conversation that, if Kellwood did not execute the consent, further delay . . . would result." At the time of that conversation, the Honorable Michael H. Dolinger was the assigned magistrate judge. Based on a representation by the deputy, Kellwood's counsel "understood that Kellwood was consenting to have the case

heard by Judge Dolinger . . . and not providing a general consent to any magistrate judge." Kellwood's counsel "undertook extensive research into Judge Dolinger's background and decisions" and "ultimately felt comfortable" with his jurisdiction "given his approximately thirty years of experience as a magistrate judge."

On October 2, 2014, the parties consented to magistrate judge jurisdiction. The consent form read: "The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings." By the same document, the district judge ordered the case "referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgement in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73." Judge Dolinger's name did not appear in the text of the document. His initials were handwritten into the case caption.

Judge Dolinger handled proceedings until October 2015, when he ruled on a motion for summary judgment. In anticipation of Judge Dolinger's pending retirement, this matter was transferred to my docket on October 14, 2015. The case is ready for a jury trial.

Kellwood's counsel now argues that Kellwood consented only to the jurisdiction of Judge Dolinger and not to the jurisdiction of any other magistrate judge. Kellwood's counsel contends that his off-the-record conversations with the district judge's deputy caused him to expect that Judge Dolinger, and only Judge Dolinger, would be assigned to the case. He also asserts that, although the consent order did not explicitly mention Judge Dolinger by name, the placement of his initials in the caption limited the scope of Kellwood's consent.

## DISCUSSION

"Upon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment

2

in the case, when specially designated to exercise such jurisdiction by the district court. . . ." 28 U.S.C. § 636(c)(1). "In giving magistrate judges case-dispositive civil authority, Congress hoped to relieve the district courts' mounting queue of civil cases and thereby improve access to the courts for all groups." Roell v. Withrow, 538 U.S. 580, 588 (2003) (internal quotation marks omitted). Once given, consent to a magistrate judge may be withdrawn only on the court's own motion "for good cause shown" or on a party's motion based on "extraordinary circumstances." 28 U.S.C. § 636(c)(4); see McCarthy v. Bronson, 906 F.2d 835, 838 (2d Cir. 1990). These requirements prevent gamesmanship. When a party comes to rue an adverse ruling, she cannot simply return to the district judge. The magistrate judge's authority is binding.

Courts have found that parties who have consented to the jurisdiction by "a magistrate judge," have consented to "jurisdiction by any magistrate judge." Wilhelm v. Rotman, 680 F.3d 1113, 1119 (9th Cir. 2012). See also MacNeil v. Americold Corp., 735 F. Supp. 32, 39 (D. Mass. 1990) ("As long as other magistrates were available in this District, the consent agreement—which provides for 'trial before . . . *a* United States Magistrate" . . . would remain in effect and this case would be referred to another magistrate for trial."). Conversely, a "consent that specifies a particular magistrate judge by name" does not constitute consent to the jurisdiction of a different magistrate judge. Kalan v. City of St. Francis, 274 F.3d 1150, 1151-52 (7th Cir. 2001) ("The consent specified Magistrate Judge R.L. Bittner by name (as opposed to stating that the parties consented to proceed before 'a' magistrate judge.)"). See also Mendes Junior Int'l Co. v. M/V Sokai Maru, 978 F.2d 920, 921 (5th Cir. 1992) (Because "the only written consent and the only order of reference . . . are expressly for Magistrate Judge Karen Brown, Magistrate Judge Stacy lacked all authority to enter judgment in this case.").

3

When Kellwood and the plaintiffs consented to the jurisdiction of "a magistrate judge," they waived their right to have their case heard by an Article III judge. By the plain terms of the consent order, the parties consented to the jurisdiction of *any* magistrate judge, including the present one. The consent order did not specify Judge Dolinger by name or limit the scope of the parties' consent in any other way. Kellwood now wants to infer a limitation on the order's effectiveness based on an off-the-record conversation with a courtroom deputy. But Kellwood is a sophisticated litigant represented by highly experienced counsel. If Kellwood wanted to consent to Judge Dolinger's exclusive jurisdiction, it should have done so explicitly.

Nor does the inclusion of Judge Dolinger's initials in the caption muddy the order's clarity. The notation, which appears to have been made by the district judge when she approved the order, was merely "informational." See Wilhelm, 680 F.3d at 1119. It was not part of the order's operative language, and it did not limit the scope of Kellwood's consent.

Kellwood relies on two cases from the Western District of New York. In Sell v. Conway, the court vacated a transfer order to a different magistrate judge because the Clerk of Court had included with the consent form a letter advising that the parties "may consent to proceed to disposition of the case before Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(c)." 10-cv-6182 (MWP), 2011 WL 5325978, at *1 (W.D.N.Y. Nov. 4, 2011). In Williams v. Conway, the court vacated a transfer order to a magistrate judge because the court had made an "explicit indication" that a different magistrate judge would preside. 07-cv-756(Sr), 2011 U.S. Dist. LEXIS 94786, at *2 (W.D.N.Y. Aug. 24, 2011). Neither case changes the result here. Sell diverges significantly from this case because it includes an on-the-record representation by the court that the parties would consent to a named magistrate judge. Williams is also distinguishable if the court's "explicit indication" included a consent form naming a specific

magistrate judge, or the court indicated on the record that a certain judge would preside. To the extent that either case can be read to hold that courts should look to extrinsic evidence when a party has unambiguously consented to the jurisdiction of "a magistrate judge," they conflict not only with the weight of opinion on this particular issue, but also with the fundamental rule that the plain language of an agreement controls.

Accepting Kellwood's argument would encourage judge shopping. The rules ensuring magistrate judges' impartiality, "including ethical rules about the activities in which they may engage and . . . disqualification rules, put them on a par with Article III judges when they are exercising judicial power," and thus, "the general rule that one may not choose one's judge in federal court should not have an exception for magistrate judges." Hatcher v. Indianapolis, 323 F.3d 513, 518 (7th Cir. 2003). Kellwood is entitled only to "an unbiased judge" not to a judge who makes Kellwood feel comfortable. In re Drexel Burnham Lambert Inc., 861 F.2d 1307, 1312 (2d Cir. 1988). Absent cause to question my impartiality, which Kellwood does not have, it cannot demand a different judge.

Finally, Kellwood has not argued that "extraordinary circumstances" justify the withdrawal of its consent. See 28 U.S.C. § 636(c)(4). Nor could it. A party who spends more than a decade litigating a dispute in federal court should not be surprised to become intimate with the life cycle of the bench. The retirement of a jurist as learned and experienced as Judge Dolinger is a great loss for the Southern District of New York, but it is hardly "extraordinary" for a retiring judge to leave his cases to a newer one.

## CONCLUSION

For the foregoing reasons, Kellwood's motion is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 100.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:    New York, New York
          December 4, 2015