UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

DARYL K. WASHINGTON, et al.,

                              **Plaintiffs,**              05-CV-10034 (SN)

              -against-                             **OPINION
&amp; ORDER**

KELLWOOD COMPANY,

                              **Defendant.**

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge:**

The plaintiffs move under Federal Rule of Civil Procedure 58(d) for entry of judgment on a jury verdict and request prejudgment interest on the damages award at a rate of nine percent, compounded annually and computed from the date of breach.

The plaintiffs' motion is granted in part, and the Court will enter judgment. The plaintiffs' request for compound interest calculated from the date of breach is denied. Under New York law, the plaintiffs are entitled only to simple interest at an annual rate of nine percent. Interest on lost profits incurred before the breach will be calculated from the date of breach. Interest on lost profits incurred after the breach will be calculated from a reasonable intermediate date.

## BACKGROUND

On November 25, 2003, the parties entered into an exclusive licensing contract. The defendant, a major clothing manufacturer, agreed to manufacture, promote, and sell performance athletic apparel under the plaintiffs' brand name Sunday Players. The plaintiffs would receive

five percent of net sales. The contract had a choice of law provision naming New York law, and the parties consented to the jurisdiction of a New York court.

On March 14, 2005, after failing to sell any Sunday Players merchandise, the defendant unilaterally terminated the contract. The contract, which was to run through January 31, 2007, had no termination provision, and the plaintiffs sued for breach. On summary judgment, the Court held that the defendant had breached the contract by terminating early and by failing to provide free product samples as the contract required. At trial, the plaintiffs argued that the defendant also failed to use reasonable efforts to promote the brand in violation of New York law. They sought lost profits and lost market value as damages. The Court ruled that the plaintiffs could not collect both lost market value and post-breach lost profits but directed the jury to calculate both.

On February 11, 2016, the jury returned a verdict, finding that the defendant had failed to use reasonable efforts to promote Sunday Players and had caused damages. The jury found that $250,000 would compensate the plaintiffs' lost profits between November 25, 2003, and March 14, 2005; $4,100,000 would compensate lost profits between March 14, 2005, and January 31, 2007; and $500,000 would compensate lost market value as of March 14, 2005. It also found that the defendant had not proven its mitigation defense.

The plaintiffs now move for entry of judgment. They elect to collect post-breach lost profits and argue that they are due statutory prejudgment interest at a rate of nine percent compounded annually from the date of breach. They demand a total of $11,322,006 in relief.

## DISCUSSION

Under Federal Rule of Civil Procedure 58(d), a party may request entry of judgment. The Court must approve the form of the judgment when "the jury returns a special verdict or a

general verdict with answers to written questions." Fed. R. Civ. P. 58(b)(2)(A). Here, the jury returned a special verdict, and the Court must approve the form of the judgment. The parties do not dispute that the Court has the power to enter judgment, nor do they dispute that judgment should be entered. Accordingly, the Court grants the plaintiffs' request to enter judgment. The remainder of this opinion is dedicated to the calculation of prejudgment interest.

**I.     Interest is Simple**

This case was brought under New York state law, "and because prejudgment interest is a matter of substantive law, the New York interest rate applies to the interest sought." Adrian v. Town of Yorktown, 620 F.3d 104, 107 (2d Cir. 2010). The statutory rate is "nine per centum per annum," with exceptions not relevant here. N.Y. CPLR §§ 5001, 5004. In a New York contract action, "prejudgment interest must be calculated on a simple interest basis at the statutory rate of nine percent," Marfia v. T.C. Ziraat Bankasi, 147 F.3d 83, 90 (2d Cir. 1998), because there is "no compounding of interest under the CPLR," David Siegel, Siegel's New York Practice, § 411. This principle is well established in New York law.[1]

The plaintiffs mistakenly argue that the Court has discretion to compound prejudgment interest, but it does not. When adjudicating federal claims, federal courts enjoy "wide discretion

---

[1] See, e.g., Spodek v. Park Property Dev. Assocs., 96 N.Y.2d 577, 581 (2001) (CPLR 5001 is a "statutory provision for simple interest"); Patane v. Romeo, 235 A.D.2d 649, 651 (3d Dep't 1997) (prejudgment interest "must be calculated at the simple annual rate"); Thor 725 8th Avenue LLC v. Goonetilleke, 14-cv-4968 (PAE), 2015 WL 8784211, at *3 (S.D.N.Y. Dec. 15, 2015) ("New York's prejudgment interest rate for breach-of-contract cases . . . is 9% per annum, which accrues on a simple basis."); G-Concept, Ltd. v. A.H. Schreiber Co., 14-cv-6581 (JGK) (JCF), 2015 WL 3767263, at *2 (S.D.N.Y. June 17, 2015) (adopting report and recommendation); Ballestriere PLLC v. CMA Trading, Inc., 11-cv-9459 (MHD), 2014 WL 7404068, at *15 (S.D.N.Y. Dec. 31, 2014); Blue Angel Films v. First Look Studios, Inc., 08-cv-6469 (DAB) (JCF), 2013 WL 5405470, at *4 (S.D.N.Y. Sept. 25, 2013) (adopting report and recommendation), Li & Fung (Trading) Ltd., v. Contemporary Streetwear, LLC, 11-cv-2022 (CM) (DCF), 2013 WL 3757080, at *8 (June 6, 2013), report and recommendation adopted, 2013 WL 3744119 (June 28, 2013); Carco Grp., Inc. v. Maconachy, 644 F. Supp. 2d 218, 246 (S.D.N.Y. 2009). See also 28 N.Y. Prac., Contract Law § 22:13 (2015) ("Statutory prejudgment interest generally is calculated on a simple interest basis; it is not compounded and no interest is awarded on statutory interest."); David S. Siegel, Practice Commentary to CPLR 5001 ("The compounding of interest is not allowed under CPLR 5001(a). The interest is simple."); 8B Carmody-Wait 2d New York Practice § 63:93 ("Prejudgment interest is calculated on a simple interest basis.")

in fashioning an appropriate judgment with regards to the amount and method of calculation of prejudgment interest." Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp., 689 F. Supp. 2d 585, 606 (S.D.N.Y. 2010). But that discretion dissipates when a federal court adjudicates a state law claim. "In a diversity case, state law governs the award of prejudgment interest," and the district court has no discretion to fashion its own interest rate or method of calculation. Schipani v. McLeod, 541 F.3d 158, 164 (2d Cir. 2008). See generally Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938) ("Congress has no power to declare substantive rules of common law applicable in a state . . . . And no clause in the Constitution purports to confer such a power upon the federal courts.") Applying these principles in Marfia, the Court of Appeals found that the district court erred as a matter of law when it compounded prejudgment interest for New York contract damages. It concluded: "the district court should have awarded prejudgment interest calculated at the simple statutory rate of nine percent." 147 F.3d at 90. The Court sees no reason to ignore this clear guidance.

The plaintiffs cite two cases where courts in this district have compounded interest in New York contract cases. See Sara Corp. v. Sainty Int'l Am. Inc., 05-cv-2944 (JCF), 2008 WL 2944862, at *10 (Aug. 1, 2008); PSG Poker, LLC v. DeRosa-Grund, 06-cv-1104 (DLC) (JCF), 2008 U.S. Dist. LEXIS 59214, at *8 (S.D.N.Y. July 14, 2008), *report and recommendation adopted*, 2008 U.S. Dist. LEXIS 62379 (Aug. 15, 2008). But "district court decisions create no rule of law binding on other courts," United States v. Raymonda, 780 F.3d 105, 119 (2d Cir. 2015) (internal quotation marks omitted). Neither Sara Corp. nor PSG Poker persuades the Court to depart from Marfia's controlling precedent because neither case makes an effort to distinguish itself from Marfia.

4

The plaintiffs also argue that this Court has discretion to award compound interest because "jurisdiction in this case is based not principally on diversity of citizenship, but because of the parties' express consent to this court's jurisdiction." ECF No. 186 at 2. This argument is utterly spurious.

First, it rests on a false premise. Jurisdiction in this case is not "principally" based on *either* the parties' consent *or* on diversity of citizenship. Jurisdiction in this case is based on both—the Court has personal jurisdiction because the parties consented to it and subject matter jurisdiction because the parties are citizens of different states. Both forms of jurisdiction are equally vital to the Court's power. See Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577 (1999) ("Jurisdiction to resolve cases on the merits requires both authority over the category of claim in suit (subject-matter jurisdiction) and authority over the parties (personal jurisdiction) . . . ."). Parties "can consent to personal jurisdiction through forum-selection clauses in contractual agreements," D.H. Blair & Co., Inc. v. Gottdiener, 462 F.3d 95, 103 (2d Cir. 2006), but they cannot consent to subject matter jurisdiction, see Capron v. Van Noorden, 6 U.S. 126, 127 (1804) ("Here it was the duty of the Court to see that they had jurisdiction, for the consent of parties could not give it.").

Second, the parties' consent to personal jurisdiction has no bearing on the substantive law to be applied because, under the Erie doctrine, "the applicability of state law depends on the nature of the issue before the federal court and not on the basis for its jurisdiction . . . ." Mallis v. Bankers Trust Co., 717 F.2d 683, 692 n.13 (2d Cir. 1983). Here, the contract specifically provides that it is to be governed by New York law, and nothing in the contract purports to displace New York's rules for calculating interest. Accordingly, the Court will apply New York substantive law and calculate prejudgment interest at a simple annual rate of nine percent.

**II.     Dates of Accrual**

The plaintiffs argue that prejudgment interest on the entire sum of lost profits should be calculated from the date of breach, but this approach does not accord with New York law. In New York contract cases:

> Interest shall be computed from the earliest ascertainable date the cause of action existed, except that interest upon damages incurred thereafter shall be computed from the date incurred. Where such damages were incurred at various times, interest shall be computed upon each item from the date it was incurred or upon each item from the date it was incurred or upon all of the damages from a reasonable intermediate date.

N.Y. CPLR § 5001(b). "In the case of anticipatory repudiation on payments due over a period of time, this language has been construed to mean a reasonable intermediate date during the period in which payments due would have been made." Esquire Radio & Elec., Inc. v. Montgomery Ward & Co., 804 F.2d 787, 796 (2d Cir. 1986).

In this case, the plaintiffs claim a stream of lost profits that they would have incurred but for the defendant's breach. The date of breach was the "earliest ascertainable date" the cause of action existed, and, thus, prejudgment interest on pre-breach lost profits will be calculated from that date, March 14, 2005. But damages incurred after the date of breach are a stream of unrealized future profits. By definition, those profits would not have accrued by the date of breach, and the Court concludes that interest on these payments must be computed from a "reasonable intermediate date during the period in which payments due would have been made." Esquire Radio, 804 F.2d at 796. To calculate these payments from the date of the breach would give the plaintiff a windfall and penalize the defendant "in contravention of the compensatory purpose of section 5001." Id. Thus, the Court will compute interest due on post-breach lost profits from the reasonable intermediate date of February 20, 2006, the median date between March 14, 2005, and January 31, 2007.

This ruling is consistent with the Court's prior decisions. The plaintiffs argue that "because the Court has found that 2005 is the relevant point in time to assess damages, 2005 is also the relevant point in time to start computation of pre-judgment interest, because all damages were incurred as of that date." ECF No. 186. Their argument distorts the Court's words. The cited rulings concerned the proper date from which to determine the *amount* of damages. Under New York law, that is the date of breach. See Sharma v. Skaarup Ship Mgmt. Corp., 916 F.2d 820, 825 (2d Cir. 1990). But these decisions did not consider, and did not rule on, when the plaintiffs *incurred* their alleged loss. The plaintiffs incurred their lost profits on the dates that those profits failed to materialize. Those dates are not readily ascertainable. Thus, the Court has chosen a reasonable intermediate date for computing prejudgment interest on those post-breach profits. To do otherwise would be to give the plaintiffs a windfall prohibited by New York law.

## CONCLUSION

The Court GRANTS the plaintiffs' motion in part. The Court will enter judgment in this action, with prejudgment interest calculated as set forth in this Opinion and Order.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         March 4, 2016